Walter v. Walter.

Filed Feb. 2, 1889.

---

No. 13,249.

## WALTER v. WALTER.

HUSBAND AND WIFE.—*Desertion.*—*Complaint for Support.*—For a complaint by a wife against her deserting husband for support, under sections 5132 and 5133, R. R. 1881, which is held sufficient, when questioned for the first time after trial and finding, see opinion.

SAME.—*Evidence.*—*Conduct of Husband Prior to Separation.*—The conduct of the husband toward the wife, previous to their separation, may be proved in order that the court may determine whether it was such as to constitute a desertion.

CHANGE OF JUDGE.—*Special Judge.*—*Appointment.*— *Discretion of Court.*— Under section 1770, R. S. 1881, where a change of judge has been applied

for and granted, the matter as to who shall be appointed to try the case, rests wholly in the discretion of the court.

PRACTICE.—*Joint and Separate Exceptions.*—A joint exception can not be taken to distinct rulings, but an exception must be separately taken to each ruling.

SAME.—*Judgment.—Form.—Objection.*—An objection to the form of a judgment should point out wherein it is improper, and there should be a motion to modify it.

SAME.—*Objections to Evidence.*—Objections to evidence, to be available, must be reasonably specific.

From the Wabash Circuit Court.

*B. F. Ibach, J. G. Ibach* and *J. D. Conner, Jr.*, for appellant.
*B. M. Cobb* and *C. W. Watkins*, for appellee.

OLDS, J.—This action was brought by the wife against the husband, under sections 5132 and 5133, R. S. 1881.

There are various errors assigned. One is the insufficiency of the complaint. There was no demurrer filed to the complaint. The objection urged is, that the allegations are not sufficient to charge the husband with desertion of his wife and children.

The complaint avers that the appellee had conducted herself as a kind and dutiful wife ; that appellant was a person of violent temper, and without cause had frequently abused and mistreated appellee; that he charged her with infidelity and adultery with divers persons; that he threatened her life, and drove her away from home and compelled her to leave her home, and that, by reason of the tender years of the children and the violent and ungovernable temper of appellant, she was compelled to take the children with her.

This objection is one that may be obviated by the evidence and cured by the finding, and is not such a defect as will be considered when raised for the first time after trial and finding by the court. *Burkett* v. *Holman*, 104 Ind. 6, and authorities there cited.

If counsel desired to test the validity of the complaint for such reason, they should have done so by demurrer.

The theory advanced by counsel that they have the right to have the complaint tested by appellee's demurrer to appellant's answer, which was withdrawn by leave of court, is not tenable.

There was a change of venue from the judge applied for by appellee, and supported by affidavit, which was granted, and an attorney appointed by the judge to try the case. Objection was made by appellant to the appointment of the attorney as special judge to try the case. It is sought to raise the question as to the right of a change of venue in a proceeding of this character; also, that the appointment of the attorney to try the cause was illegal and unauthorized.

These questions are not properly presented, and are not before this court.

The ruling of the court in sustaining the motion for a change of venue is one act of the court complained of, and the action of the court in appointing an attorney as special judge is another separate act or ruling of the court. There is no exception in the record as to the ruling on the motion for a change of venue. The record shows written objections filed to the appointment of the attorney.

There is a bill of exception in the record, showing a joint exception to both of the acts and rulings of the court. Exceptions can not be taken in this manner; exceptions must be taken to each ruling separately. *Johnson* v. *McCulloch,* 89 Ind. 270, and authorities there cited.

If this bill of exceptions could be construed to apply only to the appointment of the attorney—as it certainly can not be construed—so as to only apply to the ruling on the motion for a change of venue, it would present no error for which the case ought to be reversed, as, under section 1770, R. S. 1881, the right is given to the court to appoint an attorney if it shall be difficult, in the opinion of the court, for any cause, to procure the attendance of a regular judge, and the right to appoint rests wholly in the discretion of the court.

Counsel argue that the judgment is unauthorized, for the

reason that section 5134 only authorizes "allowances to be made out of the husband's estate." Under this section there may be a judgment of some form rendered. If any error was committed it was in the form of the judgment, and the question is not properly presented to this court. There is an objection to the form of the judgment and an exception, but the objection is a general one; it does not point out wherein the judgment is improper, and there was no motion made in the court below to modify the judgment. *Sanxay* v. *Hunger*, 42 Ind. 44; Thornton & Ballards Annotated Indiana Practice Code, p. 227, section 564, note 2, and authorities there cited.

Error is assigned to the admission of testimony. The questions presented by the objections to the testimony are all the same. Witnesses were asked to state what was the husband's conduct toward the wife immediately before, and during the year previous to, the separation. Objection was made on the ground that it was immaterial, improper and irrelevant, and not within the issues raised in the complaint, and objection overruled and exceptions.

The objections were general, and present no question to this court. To be available, objections to evidence must be reasonably specific. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196. If the objections were sufficient there was no error in overruling the objections, as the questions were proper to show what the conduct of the husband had been toward the wife, that the court might determine whether there had been such conduct on his part as to constitute a desertion by the husband of the wife.

The remaining question to be considered is whether the finding of the court was sustained by the evidence. This court has repeatedly decided that when there is evidence tending to support the finding of the court or the verdict of the jury, this court will not reverse the case on the mere weight of the evidence. The evidence in this case is sufficient to support the finding.

The State, *ex rel.* Ely, Drainage Commissioner, *v.* The Ætna Life Ins. Co.

There is no error for which the judgment ought to be reversed.

Judgment affirmed, with costs and five per cent. damages.
Filed Feb. 2, 1889.