## MEYERS *v.* THE STATE.

[No. 19,560. Filed March 29, 1901.]

CRIMINAL LAW.—*Plea of Guilty.—Motion for New Trial.*—Where a defendant pleads guilty to a charge of grand larceny, and judgment is rendered against him, a motion for a new trial is ineffectual. In such case an application should be made to the court to vacate the judgment, and for leave to withdraw the plea. *p. 388.*

SAME.—*Plea of Guilty.—Trial:—*A plea of guilty is a confession of the charge, and judgment is rendered thereon without a trial of any issue of law or fact. *p. 388.*

SAME.—*Plea of Guilty.—Arraignment.—Waiver.*—Where a defendant appears and pleads not guilty without an arraignment, he waives the arraignment. *p. 389.*

From the Wabash Circuit Court. *Affirmed.*

*D. F. Brooks,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill Moores* and *J. W. Murphy,* for State.

DOWLING, C. J.—The appellant was prosecuted upon an information and affidavit for grand larceny. He pleaded guilty, and the court rendered judgment against him in accordance with the statute. At the same term of the court, the appellant filed a motion for a new trial, stating as reasons therefor that the judgment was contrary to law; that the evidence was insufficient; that the judgment was rendered without evidence; that there was no trial; that the appellant was intoxicated when he entered his plea of guilty; that he was a minor; that he had not waived a trial by a jury; and that, since his conviction, he had discovered material evidence, etc.

Where a plea of guilty has been entered, a motion for a new trial is ineffectual. In such a case an application should be made to the court to vacate the judgment, and for leave to withdraw the plea. A plea of guilty is a confession of the charge, and judgment is rendered thereon without a trial of any issue of law or fact. It is said that it is a contradic-

tion of terms to speak of a *new* trial in a cause where there has been *no* trial. *Fisk* v. *Baker,* 47 Ind. 534; *Reed* v. *Spayde,* 56 Ind. 394; *Corwin* v. *Thomas,* 83 Ind. 110; *Ervin School Tp.* v. *Tapp,* 121 Ind. 463.

While the plea stands, the judgment must follow the plea. It has always been held in civil cases that where judgment has been rendered upon a default or confession, the defendant must first move to set aside the default before taking other steps. *Briggs* v. *Sneghan,* 45 Ind. 14. A similar rule applies in criminal procedure. A plea of guilty cannot be withdrawn without the leave of the court. *Peters* v. *Koepke, ante,* 35, and cases cited. But, upon a sufficient showing the court may vacate the judgment, and grant leave to withdraw the plea. *Sanders* v. *State,* 85 Ind. 318; 44 Am. Rep. 29; *Myers* v. *State,* 115 Ind. 554. The motion for a new trial presented no question the court could consider, and there was no error in overruling it.

Where a trial is had, a motion for a new trial on the ground that the verdict or finding is contrary to law enables the defendant to raise the question whether there was an arraignment. *Bowen* v. *State,* 108 Ind. 411. But where a defendant appears and pleads not guilty without an arraignment, he waives the arraignment. *Sohn* v. *State,* 18 Ind. 389; *Stewart* v. *State,* 111 Ind. 554. So, too, a plea of guilty waives a formal arraignment.

The sufficiency of the affidavit and information is discussed by counsel for appellant, but no question of this kind is presented by the assignment of errors, and, therefore, we cannot consider it. We find no error in the record. Judgment affirmed.