SHOEMAKER *v.* STATE OF INDIANA.

[No. 23,314. Filed June 22, 1920.]

1. CRIMINAL LAW.—*Plea of Guilty.*—*Motion to Vacate Judgment of Conviction.*—*Affidavits.*—*Sufficiency.*—On a motion for vacation of a judgment of conviction on the defendant's plea of guilty, the defendant's affidavit, alleging that her plea was induced by representations of her attorney and the prosecuting attorney, and

affidavits in response thereto, are reviewed and *held* sufficient to
justify the court in finding that the defendant was fully advised
as to the nature of the charge and as to the consequences of the
plea, and that she entered the plea voluntarily with full know-
ledge of her rights. p. 432.

2. CRIMINAL LAW.—*Plea of Guilty.—Conviction.—Motion to With-
draw Plea.*—Where one charged with keeping a place for the
illegal sale of intoxicating liquors voluntarily entered a plea of
guilty with full knowledge of her rights and of the consequences
of her plea, the court did not err in overruling her motion for an
order setting aside a judgment of conviction and granting leave
to withdraw the plea and enter one of not guilty. p. 432.

3. CRIMINAL LAW.—*Proceedings to Vacate Judgment of Conviction.
—Change of Judge.*—Since motions for change of judge are not
permissible in proceedings to set aside a conviction on a plea of
not guilty and to grant leave to withdraw the plea, the ruling of
the court with reference to such a motion could not be regarded
as prejudicial to the defendant. p. 432.

From Delaware Circuit Court; *William A. Thomp-
son,* Judge.

Prosecution by the State of Indiana against Lulu
Shoemaker. From a judgment of conviction, the de-
fendant appeals. *Affirmed.*

*Clarence E. Benadum, Roach & Ballard* and *Joseph
Grahem* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk* and
*Miller, Dailey & Thompson,* for the state.

LAIRY, J.—Appellant was charged by an indictment
returned in the Delaware Circuit Court with unlaw-
fully keeping and running a place where intoxicating
liquors were sold and with being found in the unlaw-
ful possession of intoxicating liquors, kept for the pur-
pose of being sold in violation of law. On April 30,
1917, appellant appeared in court and pleaded guilty
to the charge contained in the indictment; and on
May 11, 1917, the court found her guilty as charged,
and fixed her punishment at a fine of $500 and impris-

onment for six months in the Indiana Women's Prison. On the same day judgment was rendered on the finding.

On May 19, 1917, appellant filed a motion for an order setting aside the finding and judgment, and for leave to withdraw her plea of guilty and to enter a plea of ''not guilty.'' This motion was overruled, to which ruling of the court appellant excepted. The assignments of error challenge the correctness of this ruling of the court.

Appellant's motion, which is verified, shows that on April 30, 1917, she came from her home in Danville, Illinois, to the city of Muncie, Indiana, where she learned of the indictment pending against her, and where she employed Mr. Patterson, an attorney, to represent her. She states in her affidavit, in substance, that, on consulting with her attorney, she was advised to plead guilty to the indictment, and was assured by him that, in case she did so, she would not be punished beyond a few days in prison, not exceeding thirty days. She states that she was not familiar with judicial proceedings, and that she did not understand the nature or the consequences of a plea of guilty, and that she relied implicitly on the advice given by her attorney. She further states that her attorney said that he was on confidential terms with the prosecuting attorney and that he advised her to consult the prosecuting attorney as to what course she had best pursue.

Her affidavit further states that, in obedience to the advice of her attorney, she consulted with the prosecuting attorney, and was informed by him that she would fare much better if she would plead guilty than she would in case she made a defense; and that,

on a plea of guilty, she probably would be punished only to the extent of a fine, and probably by imprisonment not exceeding thirty days. She states that she fully believed that the prosecuting attorney had advised her in accordance with her interests, and that she entered the plea of guilty in reliance on her understanding with the prosecuting attorney. She says that she did not know that the statements and promises of the prosecuting attorney were not binding on the court, but that she believed that the statements and promises so made would be observed and followed by the court.

The affidavit further states that her attorney was not present in court when she entered her plea of guilty, and that she would not have entered that plea if she had known her legal rights and had been informed as to the consequences of such a plea. Affiant says that she was induced to enter her plea solely by reason of the representations and statements of her attorney and of the prosecuting attorney, and that, if she is permitted to withdraw the plea entered and to plead not guilty she will be able to prove that she is not guilty of the offense charged.

In opposition to the motion, the affidavits of Mr. Patterson, appellant's attorney, and Mr. Murphy, the prosecuting attorney, were filed. The affidavit of Mrs. Murphy, who was present at the conversation between appellant and her husband, the prosecuting attorney, was also filed. From these affidavits it appears that appellant came to Muncie and consulted with an attorney as stated in her affidavit. In the course of the conversation, her attorney told her that a guilty person would likely receive more leniency on a plea of guilty than such a person would likely receive after a

conviction on a plea of not guilty. He told her, at the same time, that he did not want her to take his judgment on the matter, and that it might be well for her to have a talk with the prosecuting attorney. He told her in the same conversation that there was a sentence of imprisonment in case she pleaded guilty, which could not be less than thirty days nor more than six months, and that the fine to be assessed could not be less than fifty dollars nor more than $500. He told her that the court had power to suspend sentence, but that no one could have any influence with the court on the subject. Appellant's attorney also states in his affidavit that he did not claim or state to appellant that he had any special influence with the prosecuting attorney.

From the affidavits of the prosecuting attorney, it appears that appellant came to his office on April 24, and had a conversation with him in which she inquired what he intended to do with her. She was informed that he intended to turn her over to the sheriff, and that the punishment would depend on whether she was innocent or guilty. She was also informed by the prosecuting attorney that, if she was found guilty, her punishment would be fixed by the court or jury trying the case. The prosecuting attorney denies that he advised her to plead guilty or that he told her that her punishment would be lighter in case she did so. He states that he had no conversation with her on the subject. After this conversation the prosecuting attorney went to the courthouse accompanied by appellant for the purpose of turning her over to the sheriff of the county. On reaching the courthouse appellant expressed a desire to speak to the judge of the court; but, on finding that the judge was engaged, she re-

quested to see a copy of the indictment. The clerk of the court furnished her with the original indictment; and, after she had finished reading it, the prosecuting attorney called the court's attention to the fact that appellant was present and desired to speak to the court. ° After identifying the defendant, the court asked her if she understood the charge against her. On receiving an affirmative answer, the court said: "This indictment charges you with keeping a place where intoxicating liquors were unlawfully kept, and also charges you with keeping intoxicating liquors in a place for the unlawful sale of same. In other words it is a 'blind tiger' charge. This indictment carries with it the following penalty in case you are guilty, a jail sentence of from thirty days to six months and a fine of from fifty dollars to five hundred dollars, the length of the jail sentence and the fine within these limits to be determined by the court or jury. Do you understand that?" On receiving an affirmative answer, the court said, "Do you want to plead guilty or not guilty?" To this appellant responded that she would plead guilty if the court would not be hard on her. The court informed her that the question of punishment to be fixed could not be discussed at that time, and again inquired how she desired to plead. Appellant then said: "Isn't there such a thing as a suspended sentence? I have heard of them." The court again reminded appellant that such matters could not be discussed as preliminary to a plea, and said, "Do you want to plead guilty or not guilty?" After some further conversation, appellant said: "I don't want the court to be hard on me, but I will plead guilty."

The affidavit of Mrs. Murphy corroborates that of

her husband as to the conversation at the office of the prosecuting attorney.

From the facts stated, as shown by the affidavits, the court was justified in finding that appellant was fully advised as to the nature of the charge against her and as to the consequences of her plea. The court was also justified in finding that she entered such plea voluntarily with full knowledge of her rights, and that she was not induced to enter the plea by any threats, promises, or inducements held out to her by any officers of the state. The court did not err in overruling the motion of appellant for an order setting aside the judgment and granting leave to withdraw her plea of guilty and to enter a plea of not guilty.

After the motion was filed and before it was heard, appellant filed an application for a change of judge. There is an attempt on this appeal to present several questions arising on rulings of the court with reference to this application.

The issue tendered by the indictment had been determined by the court on the plea of guilty entered by appellant and a final judgment thereon had been rendered. The motion pending to which the application for change of judge was addressed was one which called on the court to review its finding and judgment on a state of facts shown by affidavits filed in support of the motion and in opposition thereto. Proceedings of this kind are somewhat similar in their purpose to motions for new trials. Motions for change of judge are not allowed in such proceedings and, for this reason, no ruling or action of the court with reference to such an application could be regarded as prejudicial to appellant.

Judgment affirmed.