CARR v. STATE OF INDIANA.

[No. 24,280. Filed January 29, 1924.]

1. CRIMINAL LAW.—*Withdrawal of Plea of Guilty.—Grounds.—Search Warrant.*—It is not error to deny a motion for the withdrawal of a plea of guilty of possessing liquor with intent to dispose of it unlawfully, on the ground that the arresting officer did not have a proper search warrant, since guilt of the offense does not necessarily depend upon whether the search warrant was properly and lawfully issued.  p. 164.

2. CRIMINAL LAW.—*Withdrawal of Plea of Guilty.—Discretion of Court.—Abuse must be Shown.*—A verified motion by the accused for leave to withdraw a plea of guilty of keeping liquor with intent to barter, sell, exchange, give away and otherwise dispose of the same which shows merely that the arresting officer found on his premises some liquor which was not kept for sale, barter, or to be given away, and that he had discovered he was not guilty of violating any law because the arresting officer did not have a valid search warrant, does not sufficiently show an abuse of the discretion which is vested in the court to allow such withdrawal.  p. 164.

3. CRIMINAL LAW.—*New Trial.—Plea of Guilty.*—A motion for new trial filed after judgment rendered on a plea of guilty presents no question for review since there has been no trial.  p. 164.

4. CRIMINAL LAW.—*Change of Venue from Judge.—Time for Filing*—A motion for change of venue from the judge was too late, after plea of guilty to a criminal charge, and motion for leave to withdraw plea of guilty had been overruled, and at a time when nothing was before the court except rendering judgment and imposing sentence.  p. 164.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Neal Carr was convicted of a violation of the prohibition law, and he appeals.  *Affirmed.*

*B. V. Goshen* and *Gerdink & Gerdink,* for the appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—The brief for appellant states the nature of the action as follows: "This was an action by the State of Indiana against the appellant, Neal Carr, wherein the State did upon the 16th day of December, 1922, charge defendant by way of approved affidavit with the unlawful possession of liquors, white mule whisky, with the purpose and intent to barter, sell, exchange, give away, and otherwise dispose of the same, contrary," etc.

The record recites that on December 16, 1922, appellant was arraigned and entered a plea of guilty, and was released on bond to appear for sentence on the 28th. But on December 27, 1922, being the day before the date fixed for imposing sentence, appellant filed a motion for leave to withdraw his plea of guilty. This motion did not aver that appellant was influenced to enter said plea by coercion, or by any mistake of fact, or by erroneous advice of counsel, or that he was deprived of the services of counsel, nor did it even assert that he was not guilty of the offense charged. But it merely stated that the arresting officer had found on his premises some liquor which was not kept for sale, barter, or to be given away, (not denying an intent to exchange or otherwise dispose of even that part of his liquor), and that he had since "discovered that he was not guilty of violating any laws of the State of Indiana as charged for the reason that said arresting officer did not have a proper and valid search warrant." A bill of exceptions recites that there was a hearing on the motion, at which certain evidence was introduced, appellant's verified motion being all the evidence introduced in its support, that the court then overruled the motion, and that appellant excepted to the ruling, and he has assigned it as error. Appellant's guilt of the offense charged would not necessarily depend upon whether or

not the search warrant under which any particular whisky was seized was lawfully issued. If he kept any at all with the alleged unlawful intent he thereby violated the law. A motion asking leave to withdraw a plea of guilty is addressed to the sound legal discretion of the trial court, and in the absence of an affirmative showing that its discretion was abused overruling such a motion is not error. *Monahan* v. *State* (1893), 135 Ind. 216, 218, 34 N. E. 967; *Peters* v. *Koepke* (1901), 156 Ind. 35, 39, 40, 59 N. E. 33; *Dobosky* v. *State* (1915), 183 Ind. 488, 491, 109 N. E. 742; *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 434; *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2.

The showing made in support of appellant's request that the plea of guilty be withdrawn, was not such as to make it an abuse of discretion to overrule his motion.

After judgment had been rendered on the plea of guilty appellant filed a motion for a new trial. Overruling this motion is assigned as error. But such a motion presents no question for review where there has been no trial. *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Jackson* v. *State* (1903), 161 Ind. 36, 67 N. E. 690; Ewbank, Criminal Law §554.

Immediately before judgment was rendered, but after the motion for leave to withdraw the plea of guilty had been overruled, at a time when nothing was before the court except the matter of rendering final judgment on the plea of guilty and imposing sentence, appellant filed a motion for change of venue from the judge. This motion was overruled, and appellant excepted. There was no available error in this ruling. Not being made until after the cause had been fully disposed of in all particulars except the formal rendition of judgment on the plea of guilty, the motion for a change of judge came too late. *Ickes* v. *Kelley*

(1863), 21 Ind. 72; *Hunnel* v. *State* (1882), 86 Ind. 431, 433.

Such a change is authorized only where the party shows by his affidavit that he "cannot receive a fair trial" of some issue that remains to be heard. §2074 Burns 1914, Acts 1905 p. 584, §203. *Shoemaker* v. *State* (1920), 189 Ind. 426, 432, 127 N. E. 801.

The other questions discussed by counsel, even if decided in his favor, would not lead to a reversal of the judgment based on the plea of guilty, and need not be further considered.

The judgment is affirmed.

Travis and Willoughby, JJ., concur in result.