CAPPS v. STATE OF INDIANA.

[No. 24,411. Filed April 19, 1928].

*Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Fred I. King,* for the State.

WILLOUGHBY, C. J.—The appellant was convicted of a violation of the Prohibition Law. The prosecution was by affidavit in the city court of Indianapolis. The record shows that the appellant pleaded guilty in the city court and judgment was rendered against him on that plea. From such judgment he appealed to the criminal court of Marion County, where judgment was again rendered against him on a plea of guilty, and from such judgment this appeal is taken.

After the appeal had been taken to the Marion Criminal Court, the appellant filed a motion to withdraw his plea of guilty and be permitted to enter a plea of not guilty. He claimed in an affidavit filed with his motion

to withdraw the plea of guilty, that he had not entered a plea of guilty in the city court. This was denied by the state, and the appellant submitted evidence to the trial court, which, after hearing such evidence, refused to permit him to withdraw the plea of guilty.

Whether one duly charged with a crime may withdraw a plea of guilty entered by him is a question submitted to the sound discretion that an impartial judge should exercise. On an appeal for review, as the presumption is in favor of the ruling of the trial court, its denial of an application to be permitted to withdraw a plea of guilty and to plead not guilty and defend will, as a rule, be sustained where the record discloses no ground for the application or where it appears from the record that the court's ruling was based on conflicting evidence which it was compelled to weigh to reach a conclusion. *Monahan* v. *State* (1893), 135 Ind. 216, 34 N. E. 967; *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2; *Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421; *Conover* v. *State* (1892), 86 Ind. 99.

A motion asking leave to withdraw a plea of guilty is addressed to the sound legal discretion of the trial court and in the absence of an affirmative showing that its discretion was abused the overruling of such plea is not error. And if appellant was really guilty of the offense charged against him as his plea of guilty admitted, and which was not denied in his petition for leave to withdraw the plea, it was not an abuse of discretion to refuse to allow him to withdraw such plea of guilty. *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Blackburn* v. *State* (1924), 195 Ind. 603, 145 N. E. 486.

The Supreme Court will indulge in such presumptions as will sustain the action of the trial court, rather than overthrow it. *Farnsley* v. *State* (1925), 196 Ind. 722, 149 N. E. 436; *Blackburn* v. *State, supra.*

In the instant case, the affidavit filed in support of appellant's motion to be permitted to withdraw his plea of guilty, and the motion itself did not state that the appellant was not guilty of the crime charged against him. The petition for leave to withdraw the plea of guilty fails to show sufficient cause for such withdrawal. No abuse of discretion is shown in overruling such petition. *Blackburn* v. *State, supra.*

The appellant further says that the court erred in overruling his motion for a new trial. A motion for a new trial is ineffectual in a case where judgment has been rendered upon a plea of guilty. *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Jackson* v. *State* (1903), 161 Ind. 36, 67 N. E. 690; *Carr* v. *State, supra.* Ewbank, Criminal Law §554.

Judgment affirmed.