ORR *v.* STATE OF INDIANA.

[No. 25,419. Filed April 24, 1928.]

*T. Ernest Maholm, John Edwards* and *Frank Jones,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, with three others, in the Bar-

tholomew Circuit Court, on December 15, 1926, by affidavit, was jointly charged with auto banditry (§2548 Burns 1926), and on the same day he was brought into court and entered a plea of not guilty. Later in December the trial of the charge so preferred against him was set for January 18, 1927. From an order-book entry, it appears that on December 24, 1926, this appellant and the state, by her prosecuting attorney, appeared in open court and appellant withdrew his plea of not guilty and entered a plea of guilty, whereupon the court pronounced judgment committing him to the Indiana Reformatory for a period of ten years. On January 22, 1927, appellant, by his attorneys, filed in the trial court a motion designated "motion for new trial," but, from the facts therein pleaded, it was an application to the court to set aside the judgment entered on his plea of guilty, and to permit him to withdraw that plea and enter a plea of not guilty. Thereafter, evidence was submitted to the court in support of and against the relief prayed, and on February 10, 1927, it was denied. From this ruling of the court, he prosecuted this appeal and assigned as errors the overruling of his motion for a new trial; refusal to set aside the judgment of conviction; refusal to permit him to withdraw his plea of guilty and enter a plea of not guilty.

This is a case where the judgment is supported by the plea of guilty, and there is nothing upon which to base a motion for a new trial. *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Capps* v. *State* (1928), *ante*, 4, 161 N. E. 6. Appellant's plea herein called upon the trial court to exercise judicial discretion, and only for an abuse of it will this court interfere. *Blackburn* v. *State* (1924), 195 Ind. 603, 145 N. E. 486, 146 N. E. 398.

The charge to which appellant pleaded guilty was that he and three others attempted to rob a bank in Elizabeth-

town, Indiana. The outstanding allegations in his application for an opportunity to plead over are, that his plea of guilty was untrue, and induced by the continuous insistent pleading of his codefendant, Hoffman, assuring him in case he pleaded guilty, both would receive suspended sentences and Hoffman thereby saved from a ten-year imprisonment, which influence was brought to bear upon him at a time when he was "sick in mind and body," his mental condition weak and readily responsive to persuasive influences, together with his defective hearing making it difficult for him to hear and correctly understand conferences concerning his legal rights, and knowing that he had taken the three jointly indicted with him in his automobile to Elizabethtown, although presumably for the purpose of assisting him to collect $50 then owing to him from a resident of that town, he consented to change his plea.

At the trial there was evidence tending to support the alleged facts in appellant's application. One of the three, who, with appellant, was accused of the offense, made an affidavit that appellant had no knowledge of the purpose of the trip, and the other two, in affidavits, stated that he was fully advised before leaving Indianapolis of their intention to burglarize the bank, and, preliminary to the attempted burglary, he used his automobile in taking one of the parties to different parts of the town, and, within his view, that party cut the telephone wires leading out of the town. It also appears that he was represented by able counsel prior to the time of his pleading guilty, and, for aught appearing, he was fully advised as to his rights, and as to any defense he might have to the charge. There was also evidence from which the trial court might readily find that appellant was not a person of weak mind or mentally unbalanced at the time he changed his plea to that of guilty.

We have carefully read all of the evidence disclosed

by the record in this case, and the able argument of counsel, but on appeal, the only question involved in a case like this is, Did the trial court, under all of the facts and circumstances, abuse its legal discretion? In view of the evidence and the presumption of correct action on the part of the trial court, we cannot say that sound legal discretion was abused. *Capps* v. *State, supra.*

Judgment affirmed.