## GALE *v.* STATE OF INDIANA.

[No. 25,690. Filed October 25, 1929. Rehearing denied February 18, 1930.]

*O. E. Fuelber,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was charged with

grand larceny in the circuit court by an affidavit in two counts. Acts 1905, ch. 169, §377, §2451 Burns 1926. The second count, upon motion of the prosecuting attorney, was dismissed by the court. The defendant then waived arraignment and entered a plea of guilty to the first count. From the brief of appellant, it appears that the cause was then submitted to the court for trial, a jury waived, and the court heard the evidence, that the court entered judgment on plea of guilty and finding, and sentenced him to the Indiana State Prison for a period of not less than one year and not more than 14 years, fined him $5 and adjudged that he pay the costs.

On appeal, errors are assigned as follows: (1) The court erred in overruling appellant's motion for leave to withdraw his plea of guilty and plead not guilty to the affidavit; and (2) the court erred in overruling appellant's motion for a new trial.

To the verified motion of appellant to withdraw the plea of guilty, counter-affidavits of a former prosecuting attorney and a deputy prosecuting attorney were filed. These counter-affidavits controverted every material statement in appellant's verified motion. An issue of fact was presented which the trial court considered and decided in favor of the State, by overruling the motion. The court's action on the verified motion and counter-affidavits will not be disturbed on appeal where it appears that the counter-affidavits fully controvert the verified motion. *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097; *Bruce* v. *State* (1927), 199 Ind. 489, 158 N. E. 480.

Also, a motion asking leave to withdraw a plea of guilty is addressed to the sound legal discretion of the trial court, and, in the absence of an affirmative showing that its discretion was abused, overruling such a motion is not error. *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Blackburn* v. *State*

(1924), 195 Ind. 603, 145 N. E. 486, 146 N. E. 398; *Capps* v. *State* (1928), 200 Ind. 4, 161 N. E. 6; *Orr* v. *State* (1928), 200 Ind. 27, 161 N. E. 269. It is not shown that there was an abuse of judicial discretion in this cause.

A motion for a new trial will not be entertained when a judgment has been rendered on a plea of guilty, as the judgment must follow the plea and is conclusive until vacated by a withdrawal or setting aside of the plea of guilty. Ewbank, Indiana Criminal Law (2nd ed.) §672; *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Jackson* v. *State* (1903), 161 Ind. 36, 67 N. E. 690; *Carr* v. *State, supra; Capps* v. *State, supra; Orr* v. *State, supra.* It is true that evidence was heard in this case after the plea of guilty had been entered; but, from the record, it appears that the court heard evidence, not for the purpose of deciding the guilt of defendant, but to determine if there was any reason why there should be a suspension of sentence. It was not error to overrule the motion for a new trial, and it is not necessary to review the various causes for same.

The appellant has filed his petition for an oral argument herein, but, as he has briefed his case thoroughly, has clearly stated the questions upon which he relies and his position in relation thereto, nothing will be gained by an oral argument, and his petition, therefore, is denied. *Young* v. *State* (1923), 194 Ind. 221, 141 N. E. 309; *Parrett* v. *State* (1928), 200 Ind. 7, 159 N. E. 755; *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315.

The judgment is affirmed.