## Commonwealth v. Keitzer

*Leroy K. Donaldson* and *Errol Fullerton*, for Commonwealth.

*Gilbert E. Long*, for defendant.

BRAHAM, P. J., January 23, 1946.—This petition for leave to withdraw a plea of guilty to a charge of involuntary manslaughter must be refused. The transcript alleges the offense to have been committed on November 20, 1945; the information was made by a member of the State police force on November 23, 1945. On November 26th defendant appeared before the justice of the peace, waived a hearing and gave bail for his appearance at court. On November 27th the transcript was filed in court. A bill of indictment having been prepared by the district attorney, defendant on November 30, 1945, entered a written plea of guilty and also an oral plea in open court without the finding of a true

bill by the grand jury. This was pursuant to the Act of April 15, 1907, P. L. 62, 19 PS §241. At the same time defendant asked the indulgence of the court for a few days before imposing sentence. This request was granted.

On December 8, 1945, instead of appearing for sentence he filed a written petition asking leave of court to withdraw his plea of guilty. The reason assigned was as follows:

"At the time the above plea was entered, your petitioner was not represented by legal counsel and was therefore not advised as to his rights in the premises. He has since sought the advice of counsel and now desires to withdraw his plea of guilty so that his case may be heard by a jury."

Oral argument on the petition was heard by the court at the time the petition was presented. The court took the matter under advisement. On December 14th defendant filed an amended petition for leave to withdraw the plea of guilty, assigning additional reasons therefor.

The amended petition averred that the events out of which the prosecution grew occurred on a Tuesday night. On the next morning and on the following morning while defendant was in the hospital he was visited by the district attorney. Defendant says he was "not in good physical condition". On these occasions the district attorney "told the petitioner how the accident happened", advised him it would not amount to much, advised him to plead guilty and suggested that defendant call at his office when he was out. Defendant was released on a Thursday afternoon and one week and one day later called upon the district attorney at the latter's office.

The fourth and fifth paragraphs of the petition to withdraw the plea contains the material allegations. They are as follows:

"IV. That your petitioner was at said time extremely sorry and is to date that the unfortunate accident occurred and wanted to make what restitution was in his power so to do and was advised by the District Attorney that this was the best thing and the easiest thing and that the entering of a plea of guilty would benefit the defendant.

"V. That your petitioner believes and therefore avers said plea was entered under a misapprehension of the facts and the law and that there is a grave doubt of the defendant's guilt and the ends of justice could best be served by submitting said case to a jury."

The grand jury for Lawrence County met on Monday, December 3, 1945, and was dismissed on December 4, 1945, all current business having been disposed of. Thus when defendant asked leave to withdraw his plea the grand jury had dispersed and would not convene again under the rules of this court until the first Monday of March in 1946.

The Act of April 15, 1907, P. L. 62, 19 PS §241, provides that defendant may withdraw his plea of guilty at any time before sentence with leave of the court. Had the plea been nolo contendere it might have been withdrawn at any time: Buck v. Commonwealth, 107 Pa. 486, 490. Whether defendant should be allowed to withdraw his plea is a matter for the conscience of the court: Commonwealth v. Shawell & England, 325 Pa. 497. Commonwealth v. Patch, 98 Pa. Superior Ct. 464, 468, adopts the rule of 16 C. J. 398 as follows:

" 'The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or

by fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension.' "

Commonwealth v. DiPaul, 122 Pa. Superior Ct. 53, 58, also makes it clear that some good reason should be advanced for allowing the withdrawal of the plea.

This is the difficulty with defendant's case. He alleges no good reason for his change of plea. His first petition says only that he entered a plea without consulting a lawyer and therefore was not advised of his rights in the matter. But the plea was entered in open court where he admitted his guilt and specifically requested a continuance to enable him to bring character witnesses from his home in Butler. He was stated to be himself a justice of the peace and showed familiarity with procedure.

His amended petition alleges that his plea was entered after conference with the district attorney while defendant was in the hospital and that the district attorney advised him to enter the plea but admits that the plea was not actually entered until more than a week after his release from the hospital.

The amended petition avers the plea to have been entered under a misapprehension of the facts and the law but does not say what the misapprehension was. This is too vague to be of assistance: State v. Peterson, 42 Idaho 785, 248 P. 12. Finally defendant says "there is grave doubt of his guilt" and the ends of justice would be served by submitting the case to the jury. Of all people defendant is the one who knows whether or not he is guilty. The pleader is presumed to plead as hard as his conscience will permit. If he does not aver his own innocence the court need not be scrupulous to provide a trial at public expense to determine whether defendant's doubt of his own guilt is well founded: Capps v. State, 200 Ind. 4, 161 N. E. 6.

This is particularly true where, as here, defendant waited until the grand jury was no longer in session before asking to withdraw his plea. This resulted in

an automatic postponement of defendant's case for three months.

Under all the circumstances the petition should be refused. Hence this

### Order

Now, January 23, 1946, defendant's petition to withdraw his plea of guilty is refused.