CHANDLER *v.* STATE OF INDIANA.

[No. 28,422.   Filed January 6, 1949.]

*Charleton J. Walker,* of Columbus, attorney for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, all of Indianapolis, attorneys for appellee.

YOUNG, J.—Appellant was charged, by affidavit filed in the Bartholomew Circuit Court, on November 25, 1947, with first degree burglary. On November 29, he appeared before the judge of said court in person and without counsel for arraignment.

The court filed with the Clerk a transcript of the proceedings which occurred in connection with such arraignment and said transcript was made a part of

the record in this cause pursuant to Rule 1-11 of this court. This transcript is as follows:

"Transcript of proceedings in connection with the arraignment and sentencing, including questions and answers and statements made by the Defendant, Prosecuting Attorney and Judge.

The Prosecuting Attorney will read the affidavit to you. (Affidavit read by Prosecuting Attorney.)

Q. What do you say, are you guilty or not guilty?

A. Guilty.

Prosecuting Attorney will read the second affidavit No. 8305.

(Prosecuting Attorney reads second affidavit.)

Q. What do you say, guilty or not guilty?

A. Guilty.

Q. You understand what the penalty is for first degree burglary?

A. Yes, ten to twenty years.

Q. You had been informed of that before?

A. Yes.

Q. And you had that in mind when you said you was guilty in these cases?

A. Yes.

Q. You do further understand that if you wanted to have done so you could have pleaded not guilty and had a trial either before a jury or before the court, you understand that?

A. Yes, sir.

Q. You do further understand that you would have the right to have an attorney to represent you if you wanted one to represent you?

A. Yes, sir.

Q. Do you want one to represent you?

A. No, sir.

Q. Knowing all these facts that I have explained to you, which are your constitutional rights, you still desire to plead guilty to these two charges?

A. Yes, sir."

Following his plea of guilty and pursuant thereto, he was found to be 30 years of age and sentenced to be imprisoned in the Indiana State Prison for a period of not less than ten (10) years, nor more than twenty (20) years.

On January 9, 1948, appellant filed in the Bartholomew Circuit Court a verified motion and request for an appeal of said cause to the Supreme Court of Indiana as a poor person and for the appointment of an attorney to represent him upon appeal, which said petition was granted and an attorney of good standing was appointed to represent him upon appeal and the Clerk was directed to furnish a transcript of all proceedings in the cause at the expense of the county to be used upon such appeal. Such transcript was duly prepared and filed in this court, together with an assignment of errors. The substance of the errors assigned, and upon which appellant relies, is that he was denied his constitutional right to counsel.

Appellant, in his brief, contends that it was the court's duty to advise him that he was entitled to counsel. This, of course, is true, but it appears to us from the transcript of proceedings in connection with his arraignment that he was advised of such right. It is true that the court took his plea without first advising him of his right to counsel, but he was told before sentence was passed that he had such right and was definitely asked if he wanted counsel and said he did not. He was told of his right to a trial by jury and of the penalty for first degree burglary and then, after being so apprised, was asked if he still desired to plead guilty to the charges against him and replied that he did. It is obvious that if he had indicated that he wanted counsel, counsel would have been appointed for him and

his constitutional rights would have been fully observed, but he declined counsel and no one can be compelled to accept counsel appointed by the court. It would have been better practice if the judge had explained to the accused his right to counsel before he took his plea, but in our opinion the offer of counsel made by the judge in this case fully met appellant's constitutional right to counsel and having declined the service of such counsel before sentence he cannot now complain that counsel was not appointed for him. Aid of counsel provided after a plea of guilty has been entered, but before sentence, is sufficient to satisfy constitutional requirements. *Canizio* v. *New York* (1946), 327 U. S. 82, 90 L. Ed. 545, 66 S. Ct. 452.

The law is well settled that an accused may waive his constitutional rights, if such waiver is made freely and understandingly. *Irwin* v. *State* (1942), 220 Ind. 228, 238, 41 N. E. 2d 809; *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 80, 125 N. E. 773.

Appellant's counsel in his well thought out brief leans heavily on *Batchelor* v. *State, supra.* That case was correctly decided and the law laid down in that case is applicable to the case before us, but the facts in the case before us are so different as to compel a result different from the result in the Batchelor case. In that case this court held that a person prosecuted for a crime may waive his constitutional rights to counsel and a jury trial, and that if a plea of guilty to a charge of murder is made by an accused advisedly, and with full knowledge of his rights and of the consequences of such plea it amounts to a waiver of his constitutional rights.

In the Batchelor case the defendant was not asked

if he wanted a lawyer. In this case he was and said no. In the Batchelor case this court pointed out that the defendant was not apprised of the penalty. This was not true in the case before us. In the Batchelor case the accused, after pleading guilty, was sworn and testified as to facts and circumstances leading up to and attending the commission of the crime of which he was charged. In the case before us nothing of this kind happened. In the Batchelor case there was discretion in the court or jury as to the penalty to be inflicted. The accused was not advised of this. In the case before us there was no discretion as to punishment. That was fixed by statute. In the Batchelor case the accused made frequent requests to his jailers before arraignment for permission to see and consult a lawyer, although when he was brought before the judge he was told that he had a right to a lawyer but said he did not wish one and desired to plead guilty.

It seems to us that the plea of guilty in the case was made freely and understandingly. The accused admitted that at the time he entered his plea of guilty he understood the penalty for the offense with which he was charged; he understood that he could plead not guilty and have a trial by jury; that he could have an attorney to represent him, if he wanted one. He stated that he did not want one, but, knowing his rights, decided to plead guilty. He was a man 30 years old, with nothing to indicate that he was sub-normal or lacking in mentality. We hold, therefore, that knowing the penalty that might be imposed upon him and his right to counsel and a jury trial, he waived same and that the court did not err in entering judgment against him upon his plea of guilty.

The State filed a motion to dismiss this appeal on the ground that a judgment based upon a plea of guilty is not appealable but is final and conclusive until such plea of guilty is set aside. It is the State's contention that appellant's only remedies were by motion to vacate the judgment and for leave to withdraw his plea of guilty, or by a petition for a writ of error coram nobis. Certainly these remedies at proper times would be open to appellant, but a judgment on a plea of guilty may also be challenged by appeal. *Kuhn* v. *State, supra.* Appellant says he was deprived of his constitutional right to counsel. If he did not waive his right to counsel there was error in taking his plea and entering judgment thereon. By Rule 1-11, this court has recently provided a means for placing in the record the facts in connection with an arraignment where a plea of guilty is made. Historically we know that the reason for this was to make a record at the time, to which both the State and the accused may look if a question such as is before us now is raised. In this case the judge, pursuant to the requirement of said rule, caused a transcript of all proceedings in connection with the arraignment and sentencing of the appellant to be made and certified that it was true and complete.

We know of no reason why an appeal should not lie from the judgment in this case. The facts are in the record and the claimed error of the court in failing to advise appellant of and afford him his constitutional rights could be assigned as independent error in this court.

The motion to dismiss is overruled and the judgment is affirmed.

NOTE.— Reported in 83 N. E. 2d 189.