## SNOW *v.* STATE OF INDIANA.

[No. 0-699. Filed December 18, 1963. Rehearing denied June 24, 1964.]

*J. R. Snow, pro se.*

*Edwin K. Steers,* Attorney General, for appellee.

PER CURIAM.—The record in this case shows that "appellant" Snow, prior to August 5, 1963, was charged by affidavit with aggravated assault in the Putnam Circuit Court. On August 5, 1963, he pleaded guilty to that charge and thereupon was sentenced to a term in prison from one to five years. The sentence was suspended and appellant was placed on probation. On petition filed by the Prosecuting Attorney, and after a hearing thereon, the trial court revoked appellant's probation on September 11, 1963, and ordered appellant committed to the Indiana State Prison.

Appellant filed with the Clerk of this Court, on November 1, 1963, what is designated as a "Motion for Extension of Time." In this, he states that he de-

sires to appeal to this court from the judgment entered against him, in forma pauperis, and asks for a transcript at the State's expense.

In his petition, appellant makes the following statement:

"That Appellant desires to appeal to the Indiana Supreme Court from the aforesaid judgment, and that he desires to and will assign as error in said appeal that, among other things, Appellant's plea of guilty was not freely and understandingly made, and that Appellant was denied the right to be represented by counsel during the trial proceedings and the proceedings to revoke his probation, all in violation of Article 1, Sections 12 and 13, Indiana Constitution, and the 14th Amendment to the United States Constitution."

It has been held many times by this court that where a defendant has entered a plea of guilty, or accepted a suspended sentence, there can be no appeal taken from the judgment entered therein. *Ledgerwood* v. *State* (1893), 134 Ind. 81, 33 N. E. 631; *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Jackson* v. *State* (1903), 161 Ind. 36, 67 N. E. 690; *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104.

As a transcript and assignment of errors may not be filed in this case, appellant's "Motion for Extension of Time" presents nothing to us. It is therefore ordered that it be stricken from the records in the Clerk's Office.

## ON PETITION FOR REHEARING.

PER CURIAM.—Appellant has filed a petition for rehearing in this cause in which he alleges that in our opinion filed December 18, 1963, wherein we denied his

petition for time to file a transcript and assignment of errors, we failed to consider certain cases which he claims give him a right to appeal from a judgment on a plea of guilty. He cites *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491, and *Chandler* v. *State* (1949), 226 Ind. 648, 83 N. E. 2d 189.

In the *Kuhn* case the defendant pleaded guilty to a charge of assault and battery and judgment was entered fining and sentencing him. He then appeared with counsel and filed a motion to vacate the judgment and withdraw his plea of guilty. The motion was overruled. Apparently no evidence was heard in regard to it. An appeal was taken from this ruling. The Attorney General moved to dismiss the appeal on the ground that nothing was in the record to show that the trial court committed error in its ruling. This motion was overruled. The Attorney General then filed a brief confessing error. In our opinion, this court said (at page 182 of 222 Ind., at page 492 of 52 N. E. 2d):

> "In a reply brief appellant insists that the trial court should be ordered to vacate the judgment and accept his plea of not guilty. The character of the mandate is therefore our only problem.
>
> "A judgment on a plea of guilty has the same finality as any other judgment. The defendant may challenge its validity by motion during the term, by appeal, or, in certain cases, by writ of error *coram nobis* after the term has expired."

This court then remanded the cause to the trial court for answer, submission of evidence, hearing and decision on the issue tendered by appellant's motion. In so doing, it was stated that this did not foreclose the right of the trial judge to set aside the judgment and grant a trial upon a plea of not guilty without a hearing, if, in his discretion, he deemed it proper to protect the defendant's constitutional rights.

In the *Chandler* case the defendant was charged with first-degree burglary. He appeared before the court without counsel for arraignment, entered a plea of guilty and was sentenced to prison for a term of ten to twenty years. He filed a request for an appeal as a poor person. This court ordered a transcript prepared and appointed counsel to prosecute the appeal. His main contention was that the court failed to advise him that he was entitled to counsel before he pleaded guilty. However, the court points out that after he entered his plea of guilty, the transcript of the arraignment proceedings showed that *before sentence* he was advised by the court that he had a right to counsel and a jury trial, which he refused. Thus, he waived his constitutional rights freely and with understanding. The conviction was affirmed.

In the opinion, the following statements are made upon which appellant relies (at page 654 of 226 Ind., at page 191 of 83 N. E. 2d) :

"The State filed a motion to dismiss this appeal on the ground that a judgment based upon a plea of guilty is not appealable but is final and conclusive until such plea of guilty is set aside. It is the State's contention that appellant's only remedies were by motion to vacate the judgment and for leave to withdraw his plea of guilty, or by a petition for a writ of error coram nobis. Certainly these remedies at proper times would be open to appellant, but a judgment on a plea of guilty may also be challenged by appeal. *Kuhn* v. *State, supra.*

"We know of no reason why an appeal should not lie from the judgment in this case. The facts are in the record and the claimed error of the court in failing to advise appellant of and afford him constitutional rights could be assigned as independent error in this court."

In the *Kuhn* case we may assume that using the words "by appeal" immediately following the words

"motion during the term," the court intended to say that an appeal could be taken from the ruling on such motions which were made during term time if adverse to the defendant.

The *Chandler* case presents a different problem. There this court permitted the defendant to appeal from a judgment of the Bartholomew Circuit Court convicting the defendant on his plea of guilty. No motion for new trial was filed, nor was any other motion, such as to modify the judgment, set it aside or withdraw the plea of guilty. The transcript in that case reveals that defendant's assignment of errors relates purely to matters which were formerly brought up on writs of error coram nobis. He charged that the trial court erred in failing to advise him of his constitutional rights, that he did not have competent counsel, that he was intimidated, that he was deprived of his right to trial by jury, that the court entered judgment without hearing evidence, and that the court had no jurisdiction over him because at the time of arraignment, he was "an inmate on Parole from the Indiana State Reformatory, and as such was a subject of the State of Indiana, and could not legally be prosecuted for another offense."

The function of a coram nobis proceeding was limited to correcting errors in fact which did not appear of record. 6 West's Ind. Law Ency., Coram Nobis, §2, p. 371. For a time, this court assumed jurisdiction to pass upon petitions for such writs as original actions. *Davis* v. *State* (1928), 200 Ind. 88, 161 N. E. 375. However, we later held that such petitions belong solely in the court which originally tried the case. 6 West's Ind. Law Ency., Coram Nobis, §12, p. 381. This has been the law of coram nobis proceedings until the present time. *McCrary* v. *State* (1961), 241 Ind. 518, 173 N. E.

2d 300; *Dobson* v. *State* (1961), 242 Ind. 267, 177 N. E. 2d 395.

In the *Chandler* case our court erroneously took the view that it would decide matters in an original action which pertained to writs of error coram nobis. Although named an "appeal," it cannot be regarded as such, for it had nothing to do with the merits of the case. No objection was raised which pointed out a defect or mistake in the judgment asking that the same be corrected in the trial court. No question of this nature was presented to this court. *Tucker et al.* v. *Hyatt* (1898), 151 Ind. 332, 338, 51 N. E. 469. A general objection to a judgment is not available on appeal. 1 West's Ind. Law Ency., Appeals, §93, p. 589; *Walter* v. *Walter* (1889), 117 Ind. 247, 250, 20 N. E. 148. Thus, in so far as the *Chandler* case is regarded as authority for an "appeal" in a criminal case where the defendant has pleaded guilty and judgment has been entered on such plea, the same is hereby disapproved. The proper procedure is to file verified petitions in term to withdraw the plea of guilty and to vacate the judgment, and to appeal if they are overruled. Ewbank's Ind. Criminal Law, Symmes Edition, §248, p. 143; *Chaplin* v. *State* (1941), 219 Ind. 55, 36 N. E. 2d 277; *Gale* v. *State* (1930), 201 Ind. 532, 168 N. E. 241; *Orr* v. *State* (1928), 200 Ind. 27, 161 N. E. 269; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801.

If the accused's constitutional rights have been clearly violated as shown by the record, the court will not be bound by procedural irregularities. *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424. This court has abolished writs of error coram nobis by adoption of amendments to Rules 2-40 and 2-40A.

Petitioner herein may determine if he has any remedy under the procedure set forth in those rules after

the expiration of term time if he feels his fundamental rights have been abused. He has stated that he wishes to assign as error on appeal that his plea of guilty was not freely and understandingly made and that he was denied his right to be represented by counsel during the trial proceedings. We have examined the duly certified proceedings of August 5, 1963, as spread of record in the trial court, which read, in pertinent part, as follows:

"Defendant appears in court in person and in the custody of the Sheriff. Court advises defendant of the crime with which he is charged and of his Constitutional right to be represented by counsel. Defendant states to the Court that he wishes to be represented by counsel before he is arraigned in this cause, and requests the Court for time in which to contact his attorney. Court now grants such request, continues such arraignment of defendant until Friday, August 9th, 1963, at 10:00 o'clock a. m., and fixes defendant's recognizance bond or appearance bond in this cause in the sum of $1,000.00 and authorizes the Sheriff of this County to accept and approve such bond for defendant's appearance in open court in this cause on said August 9th, 1963, for his arraignment herein. Defendant remanded into custody of Sheriff for furnishing of approved bond herein.

"Again comes the defendant into open Court in person and in the custody of the Sheriff. Defendant states to the court that he does not desire to counsel with an attorney before he is arraigned. Court now admonishes defendant of his Constitutional rights, to be tried before a Court or jury; and that he is entitled to a copy of the affidavit making the charge against him; and that he is entitled to face his accusers in court. Deputy Clerk now reads the affidavit to defendant, who acknowledges that he understands the same and the charge therein made. Defendant voluntarily enters a plea of guilty. Court asks defendant if he knows of any legal reason why the Court should not pronounce sentence upon him on his plea of guilty.

Defendant answers he knows of no legal reason. Defendant states that he is thirty-five (35) years of age. Court now finds defendant guilty, as charged in the affidavit, and sentences him to the Indiana State Prison for a term of not less than one (1) year nor more than five (5) years."

In our opinion, the record affirmatively shows that petitioner freely and understandingly made his plea of guilty, that he was not misinformed as to the charges against him, and that he was duly notified of his right to counsel, which he rejected.

Petition for rehearing denied.

Arterburn and Jackson, JJ., concur in result.

NOTE.—Reported in 195 N. E. 2d 468. Rehearing denied 199 N. E. 2d 469.