## WILLIAMS *v.* STATE OF INDIANA.

[No. 27,553.   Filed November 3, 1941.]

*Kenneth A. King,* of Wabash, for appellant.

*George N. Beamer,* Attorney General, and *John R. Walsh,* Deputy Attorney General, for the State.

SWAIM, J.—The appellant was arrested, charged by affidavit with the crime of rape upon a girl under sixteen years of age. The next morning, April 1, 1941, the appellant was taken before the Wabash Circuit Court for arraignment and on his request the court appointed an attorney to defend him. He did not talk to this attorney, but a short time later, on the same day, appellant was again brought into court, withdrew his request for an attorney and pleaded guilty. Thereupon the court entered judgment and sentenced him to the Indiana State Penal Farm for a period of twelve months, pursuant to the provisions of § 9-1815, Burns' 1933, § 2298, Baldwin's 1934.

On April 3, 1941, the appellant appeared by counsel and filed his written motion to vacate the judgment and to be permitted to withdraw his plea of guilty. In said motion it was alleged that he had withdrawn his request for an attorney and pleaded guilty, relying upon the advice of the deputy sheriff that he should not have an attorney, and on the statement of the deputy sheriff to the effect that if the appellant did secure an attorney in the case his sentence would be much heavier than if he did not have one. In said motion the appellant further alleged that at the time he pleaded guilty he did not know what constituted the crime of rape; and that after being advised by counsel he did not believe he was guilty.

After hearing evidence consisting of the testimony of the appellant, of the appellant's mother, and of the deputy sheriff the court overruled the motion.

The action of the court in overruling this motion by the appellant to withdraw his plea of guilty is the only assigned error on which this appeal is based.

Such a motion is addressed to the sound discretion of the court. The action of the court will not be disturbed unless a clear abuse of discretion is ▮ shown. *Conover* v. *State* (1882), 86 Ind. 99.

In *Pattee* v. *State* (1886), 109 Ind. 545, 546, 10 N. E. 421, this court said concerning a similar motion: "We can not say that the court erred in refusing to permit the appellant to withdraw his plea of guilty. The presumption is in favor of the ruling of the court, and in the absence of a clear and strong showing that there was an abuse of discretion, the ruling must be sustained." To the same effect see *Crooks* v. *State* (1938), 214 Ind. 505, 15 N. E. (2d) 359, and *Chaplin* v. *State* (1941), *ante* p. 55, 36 N. E. (2d) 277.

In the instant case the allegations of the motion to the effect that the appellant did not understand what constituted the crime of rape; that he was induced to plead guilty by the advice of the deputy sheriff and the statement of the deputy that if the appellant had an attorney the sentence would be heavier, were supported by the testimony of the appellant. The appellant's testimony on the question of the statements made by the deputy was contradicted by the deputy sheriff, who testified that he did not advise the appellant what to do; that he did tell the appellant that he (the deputy sheriff) did not know, but that he did not think an attorney would do appellant any good; that the appellant then asked if there would have to be a trial and the deputy answered that appellant would have to have a trial "if you fight it"; that the appellant then said, "I don't want to go through a trial. I might as well go over and plead guilty"; that the deputy then said to appellant, "I don't know if you can or not"; that the appellant then asked that he "get in touch with the Judge and find out if I can"; that he, the deputy, "got

in touch with the Judge and he says, 'Bring him over,' and he came over and plead guilty." The deputy sheriff also testified that he did not believe that an attorney would do the appellant any good because of the confession they had taken from the appellant.

It also appeared from the evidence that although the appellant was only nineteen years of age he had had at least one previous experience in court; that on a previous occasion, in the same court, he had received a suspended sentence of three years for stealing an automobile tire and wheel; that in the instant case appellant's parents were informed by the sheriff, on the afternoon of the day prior to appellant's arraignment, of his arrest but his parents did not procure an attorney for him until after he had pleaded guilty and had been sentenced.

The record shows that when the appellant was first brought before the court for arraignment on the morning of April 1, 1941, the affidavit was read to him by the court; that the court then asked the appellant if he wanted to get an attorney before he pleaded to the charge; that after some discussion the appellant indicated he wanted an attorney, "if it will help me any"; that the court thereupon said, "Well, that is exceedingly problematical, of course. I don't know about that . . ."; that the court after further conversation with the appellant ordered the sheriff to take the appellant back to jail and did appoint a lawyer for him.

The record further discloses that while the appellant was being questioned as to whether he desired the court to appoint an attorney for him, the prosecuting attorney made a statement that he did not think appellant's parents could afford to employ an attorney; that while the statute on rape provided for a penalty of five to twenty-one years, he (the prosecutor) doubted

whether such a severe penalty would do appellant any good and that, if appellant wanted to plead guilty, he (the prosecutor) would recommend a sentence of not to exceed twelve months on the State Farm pursuant to the provisions of the statute authorizing the court to impose such a penalty on a defendant under the age of twenty-one years.

Since the evidence was conflicting on the factual issues presented by appellant's motion and in view of the attitude of the court and of the prosecuting attorney when the appellant first appeared in court, as shown by their statements and by the light sentence imposed, we cannot say that there was such a clear abuse of discretion in refusing to set aside the judgment and to permit the appellant to withdraw his plea of guilty, as to justify this court in disturbing the action of the trial court.

The judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 61.