Rose Holderman et al., Complainants, v. Moore State Bank et al., Defendants.

D. M. Moore et al., Appellants, v. Rose Holderman et al., Appellees.

Gen. No. 9,295.

Opinion filed February 24, 1942.

HAWBAKER & SIEVERS, of Monticello, for appellants.

N. E. Hutson, of Monticello, Meyer & Franklin, of Champaign, and Howard Reed, of Monticello, for appellees.

Mr. Justice Fulton delivered the opinion of the court.

The Moore State Bank of Monticello, Illinois, closed its doors and ceased doing business on the 20th of February, 1933, and shortly thereafter two representative suits were filed by creditors seeking to enforce the stockholders' constitutional liabilities both of which causes were consolidated in one suit. One F. L. Borton was appointed receiver of the stockholders' liability suit and on May 15, 1937, judgment was obtained against most of the stockholders except those who had paid their liability prior to the entry of such judgments.

This appeal arises out of a petition for refund of capital stock assessments paid by certain stockholders claiming they had overpaid the liability for the period they held stock. The petition sets forth that all of the persons named therein were contemporaneous stockholders for the same period running from November 25, 1903 to December 15, 1926, and that the total amount of stockholders' liability paid by them amounted to $17,502; that the claims allowed during such period amounted to $25,428.46. That the liquidating receivers of the Moore State Bank have paid the depositors thereof the sum of 63 cents on each dollar due amounting in all to the sum of $16,019.93; that after the application of said sum upon the total amount of claims presented and allowed there still remained due and unpaid on said claims the sum of $9,408.53; that because of the payment by the stockholders of said period to F. L. Borton, receiver, of the sum of $17,502, they have paid a sum in excess of all claims accruing against said bank for the period from

November 25, 1903 to December 13, 1926, amounting to $8,093.47.

The petition further alleges in detail the settlement by way of compromise of all the judgments against the said petitioners, orders of court being secured authorizing such settlements and the amounts paid in satisfaction of the judgments. It further asserts that none of said adjustments were made by the receiver because of the insolvency of the parties but because it was inequitable to collect the judgments in full. Also that the receiver had used some coercion in collecting the judgments. It further alleges that petitioners constitute all the contemporaneous stockholders who owned stock in the Moore State Bank for the period specified, except one estate which had disclaimed any interest in any refund which might be due.

The petition prays for an order directing the receiver to refund pro rata the distributive share by them overpaid, amounting to the sum of $8,093.47.

The receiver filed a motion to dismiss the petition and to strike the same from the files and upon hearing the motion to strike and dismiss petition was allowed. An appeal from that order is now presented to this court.

The appellants first insist that the court should not have entertained the motion to strike because it sought to bring out matters not stated in the petition for refund and in effect was an answer and not verified; that a motion to dismiss being in the nature of a demurrer challenges only the sufficiency of the pleading and should point out specifically where the pleading is insufficient in law; that the motion in this case sets out matters "*dehors*" the record and should therefore be overruled. Civil Practice Act, sec. 45(1) [Jones Ill. Stats. Ann. 104.045] *Flanagan v. Madison Square State Bank,* 302 Ill. App. 468. However, the petition

itself refers frequently to *ex parte* petitions filed in the cause and also to certain records therein. The motion to strike also refers to certain records in the stockholders' liability case and on the hearing of the motion the receiver introduced in evidence certain other *ex parte* petitions concerning the settlement of the judgments against appellants, but there was no mention of any matters or things outside the records and files in the said cause.

In line with paragraph 4 of article 1 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.004], stating that the act should be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this act, we do not feel that the court erred in proceeding to a further hearing of the motion.

The primary question of law raised on the motion is whether the appellant stockholders who held their stock in the Moore State Bank contemporaneously for the same period of time paid to the receiver in the stockholders' liability case sums aggregating more than the amount of unsatisfied liabilities of said bank to its creditors which accrued during such period of time, can at this stage of the liquidation recover back on a petition for a refund, the difference between what they have paid and what they contend they should have paid.

In *Golden v. Cervenka*, 278 Ill. 409, it was held that the constitutional liability of a stockholder to the bank's creditors is for all liabilities accruing while he or she remains such stockholder to the extent of his stock. Also *Sanders v. Merchants State Bank of Centralia*, 349 Ill. 547. Thus where a defendant in a stockholders' liability suit can show by way of defense that there has been paid an amount in excess of the claims which accrued while he was such stockholder,

he is under no liability to the bank's creditors. *Schwartz v. Broadway Trust & Savings Bank of Aurora,* 291 Ill. App. 460.

In the case of *People ex rel. Barrett v. Farmers State Bank of Irvington,* 371 Ill. 222, where there was a surplus left in the hands of the receiver after all the principal of all claims against the bank was paid, and the question arose as to whether the receiver should first pay interest on the claims of the creditors before making distribution to the stockholders, it was recited that those stockholders who overpaid the liability of the period for which they held stock had rebated to them such excess.

In the present case only 70 per cent of the claims of the creditors has been paid as shown by the face of the petition, and a different situation arises from that of the *Irvington Bank* case. In *Burket v. Reliance Bank & Trust Co.,* 306 Ill. App. 563, one Croft filed a petition asking that the judgment against him for stock liability be satisfied and further collection enjoined on the ground that the total amount of unsatisfied liabilities of the bank had been collected from other stockholders for the period relating to his own liability, which he contended satisfied his entire liability. In denying the petition the court used the following language: "When the liability of a stockholder has been reduced to judgment the liability is merged therein and becomes a new obligation of record which differs in kind, nature and essence from the original obligation. . . . The group obligation ceases and becomes a mere personal obligation."

The court further held that the rule contended for by petitioner is limited in its application to cases in which it is presented as a defense prior to judgment and decree, and that it should not be extended to cases in which application is made for satisfaction of judgments. At the conclusion of the opinion the court said: "If payments of contemporaneous stockholders

could, after the rendition of a judgment against an individual stockholder, be used by him as a basis for the satisfaction of the judgment any final adjudication of equities in this class of cases would become impossible, and the collection of judgments most difficult.''

In *Heine v. Degen*, 362 Ill. 357, it was held that under the constitutional provision of section 6 of article 11, the liability of a stockholder of a bank is for the benefit of the creditors generally, and the liability of a particular stockholder although measured by liabilities accruing during his ownership of stock, is not to those creditors alone, in whose favor such liabilities were incurred.

The settlement of the judgments obtained by the receiver in the stockholders' liability suit against the appellants was in each case the result of a settlement. In every case the judgment was in favor of the receiver as the representative of the creditors generally.

Under these circumstances it is our judgment that the appellants have no right to ask for a refund until the general creditors have been paid in full.

We are of the opinion that the ruling of the circuit court was correct in allowing the motion to strike and dismiss the petition of appellants for refund and its order is hereby affirmed.

*Affirmed.*