## POLOMSKEY v. STATE OF INDIANA.

[No. 27,752. Filed January 25, 1943.]

*Harry Taylor* and *Joseph E. Talbot, Jr.,* both of South Bend, for appellant.

*George N. Beamer,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

SWAIM, J.—The appellant was charged by an affidavit, in three counts, with (1) burglary, (2) grand larceny, and (3) grand larceny while armed with a revolver. On February 16, 1942, the affidavit was read to the appellant in open court and he was instructed as to his constitutional rights, including his right to plead not

guilty to any or all of the counts of the affidavit. At that time the appellant indicated that he wanted to plead guilty to all three counts of the affidavit. Upon learning that the appellant had no counsel, the court instructed the County Attorney for the Poor to inform and instruct the appellant as to his constitutional rights. After a consultation with said attorney the appellant pleaded guilty to the second and third counts. He was then adjudged guilty of the charges contained in each of said two counts, his age was found to be thirty years and he was sentenced for not less than one nor more than ten years on the second count, and for a period of twenty years on the third count. The sentence on the third count was not to start until the appellant had served the term on the second count.

On April 8, 1942, the appellant appeared in court, by the two attorneys who represent him in this appeal, and filed a motion to modify the judgment of the court on the ground that the offense of grand larceny, as charged in the second count, is identical with the offense charged in the third count of said affidavit. To this motion the State filed a demurrer.

On April 23, 1942, the appellant, by his attorneys, withdrew his motion to modify the judgment and filed separate motions to withdraw his pleas of guilty to the second and third counts of the affidavit, assigning as reasons therefor that there had been no arraignment of said appellant; that there had been no waiver of said arraignment and that there had been no trial, plea or disposition of the first count of the affidavit. Each of the appellant's motions to withdraw his pleas of guilty was overruled and the appellant then refiled his motion to modify the judgment. On the following day the State again filed a demurrer to the appellant's motion to modify the judgment and the appellant filed motions

for a new trial "on his motion to withdraw plea of guilty to second count" and also "on his motion to withdraw plea of guilty to the third count." The court overruled the appellant's motion for a new trial and the State's demurrer to the appellant's motion for a modification of the judgment and amended the judgment by eliminating the sentence on the second count, leaving only a sentence of twenty years on the third count.

The appellant has assigned as error the action of the court: (1), in overruling his motion to withdraw the pleas of guilty to the second and third counts; and (2), in overruling his motions for a new trial.

It has been held by this court that a motion for a new trial is ineffectual where a plea of guilty has been entered; that in such a case an application should be made to vacate the judgment and for leave to withdraw the plea; and that it is a contradiction of terms to speak of a new trial in a cause where there has been no trial. *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052.

It has been held that by appearing in court and pleading guilty, a defendant waives arraignment. *Nahas* v. *State* (1927), 199 Ind. 117, 155 N. E. 259. It follows that, even though there had been no arraignment, that fact would not furnish a valid ground for a motion to withdraw a plea of guilty. In the instant case, however, the record shows a recital by the court that the appellant was arraigned.

This leaves the action of the court in refusing the appellant's petition to withdraw his pleas of guilty to the second and third counts of the affidavit, as the only question for our determination.

A motion to withdraw a plea of guilty, after it has been received by the court and judgment entered

thereon, is addressed to the sound discretion of the court and the action of the court on such motion will not be disturbed unless a clear abuse of discretion is shown. *Williams* v. *State* (1941), 219 Ind. 107, 37 N. E. (2d) 61. As grounds for such a motion the defendant usually alleges that he was without advice of counsel; that he did not understand the charge; and that he is not guilty of the offense charged. Here the appellant was represented in the trial court by the same counsel representing him on this appeal. Before making any motion for the withdrawing of the pleas of guilty, the appellant, while represented by said counsel, made a motion to modify the judgment. The motion to withdraw the plea of guilty was based upon the ground that there was no arraignment of the appellant; that no plea was entered as to the first count of the affidavit and the State did not proceed with trial as to said count; and that pleas of guilty, as to the second and third counts of the affidavit, when not accepted by the State as a complete disposition of the cause and when the State insisted upon a continued prosecution of the first count of the affidavit, were "null and void and of no effect." The motion contained no intimation that the appellant did not fully understand the charges contained in the second and third counts to which he pleaded guilty, nor that he was not guilty of the offenses charged in these two counts. His whole contention seemed to be that the failure of the State to proceed with a trial on the first count of the affidavit indicated that the State had not accepted his pleas of guilty to the second and third counts as a complete disposition of the cause and that the State will insist upon continuing with the prosecution of the first count, which might result in an additional sentence that could not be served

concurrently with the sentence imposed on the third count.

There is nothing in the record to indicate that the State did not consider the judgment entered by the court as a complete disposition of this action against the appellant. Without passing on the question as to whether the State could or could not later prosecute the appellant on the first count of the affidavit, we hold that the alleged fear of the appellant that the State might attempt such action furnished no valid reason for permitting him to withdraw his plea of guilty to the second and third counts, when he is admittedly guilty as charged in these two counts. As said by this court in *Capps* v. *State* (1928), 200 Ind. 4, 6, 161 N. E. 6: "And if appellant was really guilty of the offense charged against him as his plea of guilty admitted, and which was not denied in his petition for leave to withdraw the plea, it was not an abuse of discretion to refuse to allow him to withdraw such plea of guilty (citing cases)."

The court properly refused him the permission to withdraw his pleas of guilty.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 201.