DAVIS *v.* STATE OF INDIANA.

[No. 28,925. Filed May 27, 1953.
Rehearing denied August 4, 1953.]

*Harry S. Taylor*, of South Bend, and *Frank C. Eichelberg*, Elkhart, for appellant.

*Edwin K. Steers*, Attorney General, and *Carl Humble*, Deputy Attorney General, for appellee.

GILKISON, J.—Appellant filed his verified amended petition for writ of error *coram nobis* in the trial court on March 30, 1951. In it he alleges that in his arraignment on a charge of murder in the second degree, on March 29, 1944, he was not provided with an attorney, that he was not properly advised of his constitutional rights by the court prior to his plea, and that he was insane at the time of his arraignment and plea.

The cause was put at issue by answer agreeable with Rule 1-3 of this court, and was tried by the court. Much evidence was heard, resulting in a finding and judgment against the appellant, from which the appeal is taken. The assignment of error is agreeable with Rule 2-40 of this court and presents the question of the sufficiency of the pleadings and the evidence to entitle the petitioner to the writ prayed for.

The record of the trial court made at the time of the arraignment was introduced in evidence, and is as follows:

"Transcript of proceedings in the above cause, on arraignment of the defendant in open court, upon his plea of guilty, before Hon. William E. Wider, Judge of said Court, on March 29, 1944. Present also D. Russell Bontrager, Prosecuting Attorney, and other law enforcement officers.

Reported by Nellie Tuckey, Official Court Reporter.

"MR. BONTRAGER: Mr. Davis, you are charged by an indictment in one count, which reads as follows: (H.I.) Now Fred, that indictment is based upon this Section of the Criminal Code, which reads as follows:

'Whoever purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and on conviction shall be imprisoned in the State Prison during life.'

"COURT: Mr. Davis, you have heard the indictment brought in by the Grand Jury, who have investigated the facts in this matter, and have heard the Prosecuting Attorney read to you the law with reference to this offense you are charged with by the Grand Jury, and the punishment that accompanies that offense, if the defendant is guilty. Before I ask you what your plea is, you are in here this morning for arraignment, to find out whether you are guilty, or whether you are not guilty under your plea, and before I ask you for your plea on this, it is necessary, and the law requires me to explain to you your rights in the premises. As I told you the other day in your other case, I am telling you again, that in this kind of a case you have a right to a trial by jury. You have a right to meet your witnesses face to face, and have a right to a public trial here, or elsewhere, and you have other constitutional rights possibly that you could take advantage of. If you want a jury trial, you have that right. Then, of course, every one is entitled to have a lawyer. I see you have no attorney with you this morning, and the law requires me to say to you that if you desire a lawyer, that the Court will furnish you with a lawyer. At your request the Court will furnish you a lawyer without any expense to you. The charge against you now is second degree murder. There is only one penalty involved in a second degree murder charge, and that is imprisonment in the State Prison during life. Now, you notice in the affidavit that you are not charged with premeditation. Premeditation accompanied with the other elements in this crime, would constitute first degree murder, and the

penalty would be electrocution. But you are not charged with premeditation in this case, but you are charged with having purposely and maliciously, and without any premeditation, killing this human being you are charged with killing, and if those elements are present, then you would be guilty of murder in the second degree, and on conviction would be imprisoned for life, but all those elements must be present before you can be found guilty. That is why you have a right to trial by jury, if you so desire. With this explanation, and with my offer to you to furnish you with a lawyer, I am going to ask you now whether you want a lawyer in this case.

"A. No, sir.

"COURT: You do not want a lawyer?

"A. No, sir.

"COURT: You understand, do you, the indictment, and you understand the law he read to you?

"A. Yes.

"COURT: Then are you ready now to plead to this charge?

"A. I plead guilty.

"COURT: You plead guilty to this charge? You plead guilty then to second degree murder—you understand that?

"A. Yes.

"COURT: All right. What is your age?

"A. Thirty-five.

"COURT: Now then, have you anything to say why the Court shouldn't pronounce sentence upon your plea of guilty to second degree murder?

"A. No, sir.

"COURT: You have nothing to say?

"A. No, sir.

"COURT: Then it becomes my duty, as Judge of this Court, to pronounce sentence upon your plea of guilty, and the Court does now sentence you to imprisonment in the State Prison of Indiana, at Michigan City, for life, and the Sheriff will be

ordered to carry out the commitment, and that will be the order."

In view of this evidence, it must be true that the claims, (1) that appellant was denied a constitutional right to trial by a jury, (2) that he was denied a right to meet the witnesses face to face, (3) that he was denied a right to a public trial, and (4) that he was denied a right to have a lawyer to represent him, was disputed by lawful evidence. In such a situation the duty to weigh the disputed evidence was for the trial court. It has discharged that duty against appellant's contention by denying the petition. This court is without authority to weigh the evidence.

When a defendant knowingly and wittingly enters a plea of guilty to a criminal charge he thereby waives his right to a public trial by jury or otherwise and also his right to meet the witnesses face to face. *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052. *Jackson* v. *State* (1903), 161 Ind. 36, 37, 67 N. E. 690. *Polomskey* v. *State* (1943), 221 Ind. 6, 9, 46 N. E. 2d 201.

This leaves the further question for our determination, whether or not at the time of his arraignment and plea, petitioner was of sound mind, so that he knew the nature of the charge against him and the legal effect upon him of entering the plea of guilty. On this proposition there was much evidence heard in which we note much disagreement. It was a duty of the trial court to weigh this disputed and uncertain evidence and to determine for whom it preponderated. The trial court has performed that duty. We should not disturb its finding unless we find that it has abused its discretion. *Myers* v. *The State* (1888), 115 Ind. 554, 558, 18 N. E. 42. *Capps* v. *State* (1928), 200 Ind. 4, 6, 161 N. E. 6. *Blackburn* v. *State* (1924), 195

Ind. 603, 606, 145 N. E. 486, 146 N. E. 398. *Orr* v. *State* (1928), 200 Ind. 27, 28, 161 N. E. 269. *Gale* v. *State* (1929), 201 Ind. 532, 533, 168 N. E. 241.

Considering only the legitimate evidence heard at the trial, much of which is of such a nature that it would only defame the printed reports of this court should we recite it, we are unable to say that the court abused its discretion in denying appellant's petition.

Finding no error, the judgment of the trial court is affirmed.

NOTE.—Reported in 112 N. E. 2d 442.