NEELY *v*. STATE OF INDIANA.

[No. 30,707. Filed June 30, 1965.]

*Thomas C. Tumbove* and *Morton & Tumbove* of Indianapolis, and *Ryan & Lind,* of Danville, for appellant.

*John J. Dillon,* Attorney General, and *Virginia Dill McCarty,* Deputy Attorney General, for appellee.

ON MOTION TO DISMISS

JACKSON, C. J.—Appellant was charged by affidavit with the crime of public intoxication pursuant to Acts 1937, ch. 197, §7, p. 931, §12-611, Burns' 1956 Replacement. According to the affidavit the offense was committed on the 27th day of September 1964. The affidavit was subscribed and sworn to by the prosecuting witness on the 28th day of September, 1964, before the prosecuting attorney of Hendricks County, Indiana. It appears that appellant was arraigned on September 28, 1964, and entered a plea of guilty to the charge embraced in the affidavit.

The judgment of the court reads as follows:

"Comes now the State of Indiana by Prosecuting Attorney M. Dale Palmer. Comes also the defendant in person. Affidavit is read—the defendant is advised as to the law and the Court, being duly advised, now fines the defendant the sum of $100.00 and costs and sentences the defendant to six months on the Indiana State Farm. The Clerk is ordered to issue commitment papers and the Sheriff is charged with the due execution of the order."

The Bill of Exceptions shows the arraignment as follows:

"Mr. Neeley, you are charged with public intoxication, and the law provides that whoever is found in a public place, or a place of public resort in a state of intoxication, shall be guilty of a misdemeanor, and on conviction, shall be fined not less than One Dollar ($1.00) nor more than One Hundred Dollars ($100.00) and may be imprisoned for a period not more than six (6) months.

"Q. Are you prepared to enter a plea in this matter?

"A. Yes.

"Q. How do you plead?

"A. Guilty."

Thereafter on October 1, 1964, appellant filed his motion for a new trial and assigned as reason therefor the following:

"1. That the decision of the Court is not sustained by sufficient evidence.

"2. That the decision of the Court is contrary to law.

"3. That the defendant was tried the day after he was arrested the next morning and was in a state of confusion and desired counsel but did not have enough time to make up his mind before he was called to trial and despite the fact that the record indicated that he appeared by counsel was not in fact represented by counsel.

"4. That the defendant did not have adequate time for the preparation of his defense."

Appellant's motion for a new trial was overruled on the 6th day of October, 1964.

Appellant's assignment of errors contains two specifications,

"1. The Court erred in overruling Appellant's motion for a new trial.

"2. The Court erred in proceeding to trial without first briefing and advising the Defendant of his constitutional rights inherent to an accused."

Appellee herein has entered a special appearance and filed a motion to dismiss the appellant's appeal, or in the alternative, to affirm the judgment of the court below. Such motion sets out the chronological order of events leading up to this appeal, and in substance alleges that the appeal presents no question to the court insofar as it is based upon the trial court's overruling of a motion for a new trial. Appellee also contends that the appeal would present a question to this court only if the motion for a new trial can be considered a motion to vacate the judgment and for permission to withdraw the plea of guilty and enter a plea of not guilty, and alleges that it cannot be so considered because it is not verified. Appellee further contends that the appeal presents no question to this court insofar as it is based on an independent assignment of error that "[t]he Court erred in proceeding to trial without first briefing and advising the Defendant of his constitutional rights inherent to an accused" because:

"(a) The Court did not proceed to trial, but pronounced judgment on a guilty plea;

"(b) That question was never presented to the trial court for a ruling;

"(c) Appellant does not claim that his constitutional rights were violated;

"(d) An unverified assignment of error does not present an issue to the Court or carry forward Appellant's burden of proof;

"(e) The record in the cause is insufficient to show on its face that Appellant's constitutional rights have been violated;

"(f) Appellant should not be placed in a more advantageous position than an Appellant who has followed the appellate procedures prescribed by this Court."

Appellee's motion was filed under a special appear-

ance pursuant to Rule 2-11 of this Court, and seeks a summary dismissal of the appeal.

Appellant's first assignment of error presents no question for the reason that a judgment was entered pursuant to a plea of guilty and no trial was had on such plea. *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Trattner* v. *State* (1916), 185 Ind. 188, 113 N. E. 243.

We have previously held "[a] motion for a new trial will not be entertained when a judgment has been rendered on a plea of guilty, as the judgment must follow the plea and is conclusive until vacated by withdrawal or setting aside of the plea of guilty." *Gale* v. *State* (1930), 201 Ind. 532, 534, 168 N. E. 241.

Appellant's second assignment of error is deficient and does not raise any issue, as the proper procedure should be an application to vacate the judgment and for leave to withdraw the plea of guilty. *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Polomskey* v. *State* (1943), 221 Ind. 6, 46 N. E. 2d 201.

Appeal dismissed on motion of the appellee.

Arterburn and Myers, JJ. concur in result.

Landis and Achor, JJ. vote to affirm rather than dismiss the appeal on the ground that we have jurisdiction of this appeal but no question has been properly presented.

NOTE.—Reported in 208 N. E. 2d 473.