HATHAWAY *v.* STATE OF INDIANA.

[No. 268S44. Filed November 1, 1968.]

*John A. Kesler,* Terre Haute, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is a criminal appeal from an adverse ruling on appellant's *Verified Petition to Set Aside Judgment*

*and Withdraw Plea of Guilty,* and also the appellant's *Verified Petition for Correction of Sentence.*

In 1954 appellant was arrested for the alleged rape of a 9-year-old girl. He was charged by affidavit with the crime of Rape pursuant to Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-4201, the pertinent parts of which read as follows:

> *"Rape—Penalty.*—Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; . . . is guilty of rape, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years: Provided, That in cases where the female upon whom the crime is committed is a child under the age of twelve [12] years, the punishment shall be imprisonment for life."

From a reading of the statute it is apparent that the prosecution could have prosecuted the appellant for the crime of rape of a girl under twelve [12] years of age, in which case the appellant would have received a sentence of life imprisonment. However, appellant was not so charged, and he received a lesser sentence.

Appellant made a confession to the police which substantially stated that he had attempted to rape the young girl in question, but had not succeeded in actual penetration because her vagina was too small.

The appellant was duly provided with a pauper attorney who appeared with him at the arraignment on December 3, 1954, at which time the appellant entered a plea of guilty. The appellant's plea was accepted by the court and he was sentenced to prison for a term of 2-to-21 years.

On September 1, 1967, nearly thirteen (13) years later, the appellant filed his petitions to withdraw his plea, and to correct his sentence. The petitions were denied, and it is from that ruling that he appeals to this Court.

Succinctly stated, the appellant raises the following errors:

1. The court did not sufficiently explain to the appellant the crime charged against him.

2. The finding of the court is not sustained by sufficient evidence.

3. The trial court did not furnish competent counsel to appellant.

4. The trial court erred in overruling appellant's petitions.

Another way of putting the alleged errors would be that appellant contends the confession proves that he did not commit the crime of which he was accused, and that if he had been sufficiently apprised by the trial judge of the crime of which he was charged, he would not have entered a plea of guilty.

Appellee raises the argument that after a period of thirteen (13) years, the appellant cannot properly file a motion to withdraw his plea. Appellee cites *Snow* v. *State* (1964), 245 Ind. 423, 195 N. E. 2d 468, as authority for the legal proposition that after a plea of guilty has been entered, the motion must be filed in the trial court within the term of conviction, and that there is no appeal from a sentence which has been rendered on a plea of guilty. As a general rule, appellee is correct in his statement of law. However, on petition for rehearing, at page 428 of *Snow* v. *State, supra,* the following statement appears:

"If the accused's constitutional rights have been clearly violated as shown by the record, the court will not be bound by procedural irregularities. *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424. This Court has abolished writs of error coram nobis by adoption of amendments to Rules 2-40 and 2-40A."

Since appellant is raising the question of the competency of his counsel and the entering of his plea without sufficient understanding, he should be allowed to be heard. We cannot say, without looking to the substance of his claims, whether or not appellant's constitutional rights were violated; therefore, we will decide this matter on the merits.

It is now well settled in Indiana law that upon a

■ plea of guilty being entered, the court may render judgment and sentence.

"Upon a plea of guilty it is not error for the court to enter judgment upon the plea without a finding of guilty upon the plea of guilty. It has been held by this court that the trial court has nothing to do upon a plea of guilty but to fix the amount of punishment and render judgment or sentence accordingly, for the reason that the defendant by his confession of guilt makes a finding unnecessary. This is but following the rule practised at common law. Upon reason a judgment must first have something upon which to rest, either upon a finding by the court or upon a verdict of a jury. A plea of guilty, according to authorities, has been held sufficient foundation upon which to rest a judgment. 4 Blackstone's Commentaries 329; *Griffith* v. *State* (1871), 36 Ind. 406. . . ." *Warner* v. *State* (1924), 194 Ind. 426, 143 N. E. 288.

See also: *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630; *Machibroda* v. *United States* (1962), 368 U. S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510.

Our research has not indicated that this is not still an accurate statement of the law.

Any arguments as to the sufficiency of the evidence are not relevant. When the appellant chose to plead guilty and to waive a trial he also chose to waive the protection

■ of having the charge proved against him. What must be considered is whether or not the plea was entered freely and understandingly. In order to determine this, we must look to the circumstances surrounding the entering of the plea.

Examination of the record reveals that the appellant appeared in court represented by counsel. The trial judge advised the appellant of the crime of which he was charged. When the trial judge asked the appellant how he wished to plead, guilty or not guilty, appellant's counsel entered a plea of guilty.

At this time the trial judge inquired as to whether the appellant had been promised anything to enter his guilty

plea and he also advised the appellant that he wasn't required to plead guilty, but that he was entitled to have the charge proved against him by the State, and that he could have a trial by jury. The appellant stated that he had been in court before and that he understood the proceedings; that knowing all this, he wanted to plead guilty. The appellant said he had discussed this matter with his attorney. The court then accepted the appellant's plea of guilty.

It is manifest that the appellant was given ample opportunity to plead not guilty, and he, voluntarily, chose not to do so. We can see no way in which the trial judge acted improperly in this matter.

It is also alleged that appellant's counsel was incompetent. After a careful study of the record, we can find no basis for appellant's allegations. In the absence of any affirmative showing, we cannot, as a matter of law, rule appellant's counsel incompetent.

"It must be presumed that appellant's attorney discharged his full duty and it should require strong and convincing proof to overcome this presumption. . . ." *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801.

Therefore, we hold that the defendant freely and understandingly made his plea of guilty. *Snow* v. *State, supra.*

The granting or denial of a motion to withdraw a plea of guilty is within the sound discretion of the Trial Court.

"A motion to withdraw a plea of guilty, after it has been received by the court and judgment entered thereon is addressed to the sound discretion of the court and the action of the court on such motion will not be disturbed unless a clear abuse of discretion is shown. *Williams* v. *State* (1941), 219 Ind. 107, 37 N. E. 2d 61. . . ." *Polomskey* v. *State* (1943), 221 Ind. 6, 46 N. E. 2d 201.

See also: *Breedlove* v. *State* (1956), 235 Ind. 429, 134 N. E. 2d 226; *Goff* v. *State* (1960), 240 Ind. 267, 163 N. E. 2d 888.

Also, in making his motion to the court, the burden of proof is on the moving party.

> "A judgment on a plea of guilty has the same finality as any other judgment. The defendant may challenge its validity by motion during the term, by appeal, or, ■ in certain cases, by writ of error *coram nobis* after the term has expired. But in either case the burden is upon him to establish the invalidating facts. *State ex rel. Cutsinger* v. *Spencer* (1941), 219 Ind. 148, 41 N. E. (2d) 601; *State ex rel. Sawa* v. *Criminal Court of Lake County* (1942), 220 Ind. 4, 40 N. E. (2d) 97; *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. (2d) 809. . . ." *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491. See also: *Schmittler* v. *State, supra.*

Although the above case, *Kuhn* v. *State,* was decided before Rules 2-40 and 2-40A were amended, the burden of proof still remains on the moving party.

We conclude the petitions were properly overruled by the court below. Appellant has not sufficiently proven to us that the plea was not freely and understandingly entered, nor that his counsel was incompetent. Therefore, seeing no abuse of discretion, we affirm.

DeBruler and Hunter, JJ., concur; Arterburn, J., concurs in result; Jackson, J., dissents with opinion.

### DISSENTING.

JACKSON, J.—My dissent herein is based on a philosophical difference of opinion with existing law rather than a disagreement with the majority opinion as written or the cases cited. I readily admit that the law in Indiana, as it exists today, fully supports the majority opinion.

I am of the opinion that, as is well exemplified in the case at bar, a plea of guilty should not be accepted and sentence imposed without independent proof of the corpus delicti. The House of Delegates of the American Bar Association at their mid-winter meeting in Chicago approved minimum stand-

ards for the administration of criminal justice. Among those standards was the following relating to Pleas of Guilty, published in February 1968, which in part are as follows:

> *"Standards Relating to Pleas of Guilty.*
>
> These standards recognize the value of the practice of negotiating for a guilty plea, and they outline procedures to be followed in entering and accepting pleas of guilty (including nolo contendere) as well as rules covering the practice of negotiating for pleas. The objective of such standards was to formulate procedures which will maximize the benefits of conviction had without trial and at the same time minimize the risk of unfair or inaccurate results. Particular standards provide that a defendant should not be called upon to plead until he has an opportunity to consult with counsel, retained or appointed, and if he waives counsel, until he has had a reasonable time to deliberate concerning such plea. Furthermore, no court should accept a plea unless a verbatim record of the proceedings is made and preserved and unless the court personally addresses the defendant and (a) determines that he understands the nature of the charge; (b) informs him that by his plea he waives his right to trial by jury; (c) informs him of the maximum possible sentence or sentences; (d) informs him of the mandatory minimum sentence, if any; and (e) informs him, if such is the case, that his plea, because of a previous conviction, subjects him to different or additional punishment."

Further the standards provide this additional safeguard "In accepting any plea, the court must also make on the record an inquiry to insure that there is a factual basis for the defendant's plea."

In the case at bar the appellant's lawyer permitted, perhaps even urged the defendant to enter a plea of guilty to a charge of rape when the lawyer had not seen the defendant's written confession. After appellant had entered his plea of guilty, the State introduced the written confession of the appellant which showed conclusively that appellant was not guilty of the crime of rape but only of an attempt to commit the crime of rape. Admittedly the intent and the

attempt to consummate the crime of rape were present, but on account of the small size of the intended victim the appellant was unable to consummate the rape because of failure to make any penetration of her vagina. Thus in the case at bar the evidence adduced to sustain the plea of guilty tends to disprove rather than sustain the plea.

The doctrine in Indiana, sustained by stare decisis, is well stated in the majority opinion as follows: "Any arguments as to the sufficiency of the evidence are not relevant. When the appellant chose to plead guilty and to waive a trial he also chose to waive the protection of having the charge proved against him." It is this anomaly in the law to which I dissent, as in the case at bar there is no factual basis for the appellant's plea of guilty to the charge of rape.

Motion for new trial should be granted.

NOTE.—Reported in 241 N. E. 2d 240.